STEVE PALOCZ, PLAINTIFF, v. E. & S. TRANSPORTATION COMPANY, DEFENDANT.

NICHOLAS DRANCHOK, PLAINTIFF, v. E. & S. TRANSPORTATION COMPANY, DEFENDANT.

Submitted October 16, 1925—Decided May 5, 1926.

**Negligence—Motor Vehicle Collision—"Jury Found Plaintiffs and Defendant Both Guilty of Negligence," Upon which Court Directed that a Judgment Be Entered in Favor of Defendant—This, in View of Judge's Charge, was a Proper Finding, and Will Not Be Set Aside—Alleged Error in Charge to Jury Not Considered, as no Exception was Taken.**

On plaintiffs' rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiffs, *Francis A. Gordon.*

For the defendant, *Samuel D. Williams.*

PER CURIAM.

These two suits were brought against the defendant corporation to recover compensation for injuries resulting from an automobile collision, which occurred in Linden, between a car driven by the plaintiff Dranchok, in which Palocz, the owner, was riding, and a truck of the defendant traveling in an opposite direction. The two cases were consolidated for the purpose of trial.

The claim of the plaintiffs was that the collision resulted solely from the negligence of the driver of the defendant's truck. The defense was that this collision was caused by the negligence of Dranchok and without any fault on the part of the defendant's driver. At the close of the case the jury rendered the following verdict: "The plaintiffs and defend-

ants are both guilty of negligence," and on this verdict the trial court directed that a judgment be entered in favor of the defendant and against the plaintiff in each suit.

The principal ground upon which the plaintiffs seek to have these rules made absolute is that the defendant is not entitled to a judgment upon this verdict because of its form —that is, because the finding of negligence on the part of the plaintiff is not a declaration that such negligence contributed to the accident. This verdict, however, is to be taken in connection with the charge to the jury upon this point, which was as follows: "If you find that this accident was the result of the combined negligence of the driver of the plaintiffs' car and the driver of the defendant's car, then neither of the plaintiffs is entitled to a verdict." It seems clear to us that the negligence attributed by the jury to these parties was the combined negligence of both drivers in the producing of the accident, that being the negligence, the existence of which was left to it to determine. So construing the verdict, the court properly moulded it to express the legitimate result of the finding. In addition, it may be said that, if the contention of plaintiffs' counsel be sound—that is, that the jury did not find that the negligence of the plaintiffs contributed to the accident—it necessarily follows that it did not find that the negligence of the defendant's driver was a producing cause of the accident, and, unless it so found, the defendant, of course, would be entitled to judgment.

It is further argued that the verdicts are against the weight of the evidence on the question of the contributory negligence of the plaintiffs. It is enough to say that our reading of the testimony leads us to the conclusion that this contention is without merit.

Lastly, it is argued that there was error in the charge of the trial court. It is sufficient to state, in disposing of this contention, that no exception was taken to any part of the instruction to the jury.

The rules to show cause will be discharged.